```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

LEON PRATER,

      Petitioner,

v.                                  Civil Action No. 5:12CV76
                                  (Criminal Action No. 5:10CR41-01)
UNITED STATES OF AMERICA,                     (STAMP)

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner pled guilty to Count One of the superseding indictment entered against him by a federal grand jury in this district, which charged him with possession with the intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The guilty plea was entered pursuant to a binding plea agreement signed by both the United States and the petitioner, in which, in consideration for multiple concessions by the government, the petitioner waived his right to appeal his sentence, but not to collaterally attack it. The petitioner entered his plea in open court on March 21, 2011. This Court conducted a thorough examination of the petitioner's understanding of the consequences of a guilty plea, and of the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

terms of his plea agreement. This examination included a recitation by this Court of the elements that the government would have to prove if the defendant chose to go to trial on Count One. Also at the hearing, the United States presented a factual basis for the plea through the testimony of Special Agent Robert Manchas of the Drug Enforcement Administration, to which testimony the petitioner did not object. Following this Court's determination that the petitioner was aware of the consequences of a guilty plea and of the terms of his plea agreement, that he was competent to enter a plea of guilty, and that a basis in fact had been established for the plea, this Court accepted the petitioner's plea of guilty.

At the petitioner's sentencing hearing on August 10, 2011, this Court accepted the terms of the binding plea agreement, adjudged the petitioner guilty pursuant to his guilty plea and to the binding plea agreement, and sentenced the petitioner to 109 months imprisonment with a three-year term of supervised release to follow. This sentence was based upon this Court's consideration of a number of factors, including the circumstances of the crime, the petitioner's criminal history as presented in the petitioner's presentence report, and the sentencing objectives set forth in the United States Sentencing Guidelines.

Thereafter, the petitioner did not file a direct appeal of his sentence. The petitioner, however, did then file this motion under

28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied. The matter was referred to United States Magistrate David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Joel issued a report and recommendation, recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report. The petitioner filed timely objections to portions of the report and recommendation and further supplemented such objections on two occasions.[2] The supplemental objections contain additional case law and statements in support of his contentions, but assert the same arguments. For the reasons set forth below, however, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

---

[2]This Court notes that the petitioner filed a "motion to revise documentation" that requested he be granted leave to revise his supplemental objections to make them more legible. While this Court did not grant or deny this motion, the petitioner thereafter filed a second motion to supplement his objections, which this Court granted, which provided the petitioner with an opportunity to submit a revised version of his objections. Accordingly, the petitioner's motion to revise documentation is denied as moot. Further, the petitioner filed a motion that one of his supplemental objections be deemed timely filed, even though it was filed after the time provided for such supplement. As this Court will consider all objections and supplemental objections below, this motion is granted.

3

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

In his § 2255 petition, the petitioner asserts two bases for federal habeas corpus relief. First, the petitioner alleges ineffective assistance counsel, which resulted in his guilty plea not being entered into knowingly, intelligently, and voluntarily. Second, he claims he was denied due process because there was not a sufficient factual basis for his plea. The government responded in opposition to the petitioner's argument, and the petitioner replied reiterating his original arguments and contesting the government's argument that he waived his right to bring ineffective assistance of counsel claims in a postconviction proceeding.

A. Ineffective Assistance of Counsel

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court concluded that the two-part inquiry established in Strickland v.

Washington for determining the effectiveness of counsel also applies in cases in which the defendant pleads guilty. Id. at 57. Under this standard, a petitioner must first prove that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This first prong is generally referred to as the performance prong. Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). The second prong is referred to as the prejudice prong. Id. Under the prejudice prong, in a case involving a guilty plea rather than a trial, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The petitioner asserts three arguments in support of his ineffective assistance of counsel claim. First he alleges that the drugs found on his person at the time of his arrest were for personal use and not for distribution. Second, the petitioner asserts that counsel was ineffective in failing to explain the elements of his offense and for failing to challenge the fact that the superseding indictment did not allege any overt acts establishing an intent to deliver the drugs. Third, the petitioner

5

asserts that his attorney was ineffective based on a conflict of interest due to his attorney's prior representation of the confidential informant who made the controlled drug purchases that formed the basis of the petitioner's state court prosecution. The magistrate judge found that none of the grounds asserted by the petitioner in support of his ineffective assistance of counsel claim sufficed to establish that the petitioner's counsel was ineffective. The petitioner objected to these findings. This Court will address each of the petitioner's arguments regarding ineffective assistance in turn.

    1.   <u>Petitioner's Statements Regarding Personal Use Quantities</u>

The petitioner first asserts that he told his attorney that the drugs on him at the time of his arrest were for personal use and he had no intent to deliver the substances. The petitioner requests that this be taken into account when determining his ineffective assistance of counsel. As the magistrate judge found, however, "in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" <u>United States v. Lemaster</u>, 403 F.2d 216, 222 (4th Cir. 2005).

During the petitioner's Rule 11 hearing, the petitioner testified as to his understanding of the plea agreement, and that

he had reviewed the plea agreement and the superseding indictment with his attorney. ECF No. 84 *9-11. The petitioner also made no corrections to Special Agent Manchas' testimony, which included evidence of the petitioner's intent to distribute. ECF No. 84 *20-21. Further, the petitioner, when asked by the undersigned judge, what he plead in relation to Count One, which charged possession with the intent to distribute, the petitioner replied, "Guilty, your Honor." ECF No. 84 *22. These statements and silent adoptions, contradict the petitioner's current allegations that he did not intend to distribute the drugs that were found in his possession. Accordingly, absent extraordinary circumstances, these new statements should be considered "palpably incredible" and "patently frivolous or false."

As the magistrate judge stated, the petitioner had not come forth with any extraordinary circumstances that would allow this Court to consider such contradictory statements. The petitioner objects to this finding, arguing that his attorney's misconduct constitutes extraordinary circumstances that would allow for this Court to consider the statements. In support of this assertion, the petitioner cites to Holland v. Florida, 130 S. Ct. 2549 (2010). In this case, the Supreme Court discussed extraordinary circumstances in reference to an attorney's conduct that may constitute grounds for equitable tolling of the one-year statute of limitations on petitions for federal habeas relief. Id. The case

did not discuss what circumstances would constitute grounds to allow a court to consider statements contradictory to those made in a Rule 11 hearing. Further, the conduct of the attorney in the Holland case is not similar to the alleged conduct alleged by the petitioner. See id. at 2564 (alleging a failure to communicate and respond to the petitioner regarding the filing of his petition for habeas relief). As more fully explained, this Court finds that the conduct alleged by the petitioner in this action does not constitute extraordinary circumstances. Accordingly, this Court considers the petitioner's new statements incredible, frivolous, and false, as they are contradictory to his statements at the Rule 11 hearing and there is a lack of extraordinary circumstances that would allow this Court to consider such statements.

    2.   Elements of the Offense and Overt Acts

The petitioner next alleges that his attorney failed to explain the elements of his offense and failed to challenge the fact that the superseding indictment did not allege any overt acts establishing an intent to deliver the drugs, which resulted in ineffective assistance of counsel. The magistrate found that neither of these assertions had merit, and after a de novo review, this Court agrees.

As the magistrate found, the petitioner's statement that his attorney failed to properly advise him of the elements of his offense is contradicted by multiple statements made by the

petitioner and his counsel at the Rule 11 hearing. As stated above, at the plea hearing the petitioner testified as to his understanding of the plea agreement, and that he had reviewed the plea agreement and the superseding indictment with his attorney. ECF No. 84 *9-11. The undersigned judge explained the elements that the government would have to prove beyond a reasonable doubt as to Count One. ECF No. 84 *11. The undersigned judge then asked whether the petitioner understood that by entering the plea that he was giving up the right to make the government prove those elements beyond a reasonable doubt. ECF No. 84 *16. The petitioner, replied affirmatively. ECF No. 84 *17. Further, when asked whether his attorney had adequately and effectively represented him and had not left anything undone that the petitioner thought should have been done, he said yes. ECF No. 84 *22-23. These statements contradict the petitioner's current allegations that he did not understand the elements because his counsel failed to advise him regarding the elements.

The magistrate judge found that the petitioner had not demonstrated extraordinary circumstances as to why his statements at the Rule 11 hearing contradict his current allegations regarding his counsel and his understanding of the elements of his crime. Therefore, the magistrate judge found that such statements are palpably incredible and patently frivolous or false. Lemaster, 403 F.3d at 221 (citations omitted). The petitioner objects to the

magistrate judge's finding, arguing that his attorney improperly advised him regarding the elements of possession with the intent to distribute by using inapplicable sections of the United States Sentencing Guidelines.  The petitioner alleges that his attorney told him that based on certain sentencing guidelines, he would be found guilty of intent to distribute based on the quantity he possessed alone.  This Court does not find such allegations of ineffective assistance of counsel establish the extraordinary circumstances required to allow the contradiction of his statements at the plea hearing.  Accordingly, this Court finds that the petitioner's allegations in this instance are without merit.

The petitioner's argument that his attorney was ineffective for failing to file a motion to dismiss the superseding indictment is also, as the magistrate judge found, without merit.  The petitioner objects to this finding and continues to make the same argument alleged in his motion.  The petitioner argues that because the superseding indictment failed to allege any overt acts establishing his intent to distribute, his attorney should have filed a motion to dismiss.

The elements of the crime with which the petitioner was indicted are: "(1) possession of the cocaine base [and cocaine]; (2) knowledge of this possession; and (3) intention to distribute the cocaine base." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996).  The intent element "may be inferred if the quantity of

drugs is greater than would be used for personal consumption." Id. Thus, there is no need for the superseding indictment to allege an overt act to establish the petitioner's intent. Accordingly, as the magistrate judge indicated, if the petitioner's attorney filed a motion challenging the superseding indictment based on such argument, it would have been futile.

The petitioner also objects by arguing that he only had 16 grams of cocaine base and 2.4 gram of cocaine in his possession. Thus, even if an overt act is not required in the superseding indictment, he asserts intent cannot be inferred from such an amount. The United States Court of Appeals for the Fourth Circuit, however, has found quantities of cocaine base of 5.72 grams consistent with an inference of a defendant's intent to distribute. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). The Fourth Circuit stated that cocaine base is normally distributed in doses of one-tenth of a gram. Accordingly, petitioner had roughly 160 doses of cocaine base in his possession. This is clearly sufficient to infer an intent to distribute and, therefore, a motion to dismiss filed by petitioner's counsel would have been futile. Thus, after a de novo, this Court finds petitioner's argument without merit.

    3.   Conflict of Interest

The petitioner next asserted that his attorney had a conflict of interest and this conflict lead to ineffective assistance of

11

counsel. Specifically, the petitioner argued that his attorney had represented a confidential informant who was involved with one of the controlled buys that led to charges against the petitioner in state court. The petitioner asserted that his attorney coerced him to plead guilty so his attorney would not have to question his former client at any trial. The magistrate judge found that the petitioner's attorney was not laboring under a conflict of interest. The magistrate judge stated that the petitioner's federal case specifically excluded any part of the state case against him, including other drug transactions based on the parties' stipulation concerning the petitioner's total drug relevant conduct. The petitioner objects to this finding, arguing that the controlled buys involving his attorney's former client would be used against him as evidence of motive according to Rule 404(b) of the Federal Rules of Evidence.

"To establish a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of conflict . . . must be shown.'" United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). Instead, the petitioner must show "(1) that his lawyer was under 'an actual conflict of interest' and (2) that his conflict 'adversely affected his lawyer's performance.'" Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). There is no evidence that the attorney's former client would actually be

12

called to testify at any trial to establish that the petitioner committed the past crimes. Such proof could be offered through other witnesses, such as the arresting officer or the officer in charge of the state court investigation that led to the arrest. Accordingly, the petitioner cannot show that his attorney was laboring under a conflict of interest that establishes a claim for ineffective assistance of counsel.

B.  Due Process Claims

In addition to his claims for ineffective assistance of counsel, the petitioner argues that he was denied due process because there was an insufficient factual basis for his change of plea. The petitioner asserts that he "did not understand all elements of the offense charging intent to deliver and made admissions which only established simple possession of the drugs involved." ECF No. 75. Further, he states that the Court failed to explain all of the elements of possession with intent to distribute to him and he "mistakenly believed that the quantity alone established intent to deliver." Id. The magistrate found that the petitioner procedurally defaulted on these claims, that they fall within his collateral attack waiver, and furthermore, that such claims have no merit.

1.  Procedurally Barred

It is well-established law that issues that could have been raised on direct appeal, but were not, generally may not be later

13

raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)).

The magistrate judge found that the petitioner cannot demonstrate actual prejudice, because as discussed below, this Court properly advised him on the elements of his offense and a sufficient factual basis was presented for his plea by Agent Manchas. Further, the magistrate judge stated that the petitioner can not show that a miscarriage of justice would result from the refusal to entertain his collateral attack because he failed to raise a claim of actual innocense. The petitioner did not file any

14

objections as to these findings and this Court does not find such findings to be clearly erroneous.

2. <u>Waiver</u>

Even if this Court did not find that such claims were procedurally barred, the petitioner's waiver of his collateral attack rights still bar such claims. A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a conviction or sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. <u>United States v. Blick</u>, 408 F.3d 162 (4th Cir. 2005). Thus, in evaluating the validity of the petitioner's collateral challenge to his sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge his sentence.

The magistrate judge found that the waiver was made knowingly and intelligently based on the testimony at the Rule 11 hearing. Specifically, the magistrate judge noted that the petitioner testified that he was 32 years old and had earned his GED.

15

Further, the petitioner stated that he understood why he was in court that morning and what the hearing was for. ECF No. 84 *4-5. As to his knowing waiver, the petitioner stated that he understood that he was waiving his right to appeal and seek post-conviction relief, including a collateral attack if his plea was accepted. <u>Id.</u> at 10. The petitioner did not object to these findings, and this Court finds no clear error in the magistrate judge's finding that the waiver was made knowingly and intelligently. This Court does note, however, that it finds that such plea was made voluntarily as well, as there is no indication that he was forced or coerced into making such plea. In fact, this Court specifically asked the petitioner whether his plea was the result of any threat, coercion, or harassment, which the petitioner responded that it was not. <u>Id.</u> at *22. Further, this Court finds that the waiver paragraph in the plea agreement and the plea agreement as a whole both also support a finding of waiver. Accordingly, this Court agrees with the magistrate judge's finding that the petitioner has waived his rights to collaterally attack his sentence based on his due process claims.

    3.   <u>Merits</u>

The elements of the crime with which the petitioner was indicted are: "(1) possession of the cocaine base [and cocaine]; (2) knowledge of this possession; and (3) intention to distribute the cocaine base." <u>United States v. Burgos</u>, 94 F.3d 849, 873 (4th

16

Cir. 1996). During the Rule 11 hearing, this Court and petitioner had the following exchange:

> The Court: Mr. Prater, have you received and reviewed and gone over with your counsel, Mr. Leary, the superseding indictment that was returned by the federal grand jury? That is the charge against you in this case.
>
> The Defendant: Yes, your Honor.
>
> The Court: Would you like me to read that superseding indictment to you or will you waive the reading of the superseding indictment?
>
> The Defendant: I waive the reading, your Honor.
>
> The Court: All right. The elements of the crime in Count 1 which the government would have to prove beyond a reasonable doubt, and this is a violation of 21, United States Code, Section 841(a)(1) and Section 841(b)(1)©. Those elements are, first, that you knowingly and intentionally possessed with the intent to distribute cocaine base and cocaine, which are Schedule II controlled substances; and, second, that you knew the substances were cocaine base and cocaine.

ECF No. 84 *11.

Based on this exchange, the magistrate judge found that the Court provided the petitioner with the correct explanation of the elements of petitioner's crime, and Agent Manchas' testimony satisfied each of these elements. See ECF No. 84 *18-21. Further, the magistrate judge stated that the petitioner did not at any time indicate that he did not understand the elements. Thus, the magistrate judge stated that the petitioner's claims that the Court did not explain the elements and that the petitioner did not understand the elements fails on the merits. The petitioner did not file objections to magistrate judge's findings, and this Court

17

finds no clear error as to the findings.  Accordingly, this Court agrees with the magistrate judge's finding that the petitioner's due process claims should be dismissed as they are procedurally barred, they fall within the scope of his waiver of collateral attack rights, and further, they simply fail on the merits.

## IV.  Conclusion

Based upon a de novo review of those portions objected to and a clear error review of those portions not objected to, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED.  Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED.  Further, for the reasons stated above, the petitioner's motion to revise documentation (ECF No. 107) is DENIED AS MOOT and petitioner's motion to deem his supplemental objections timely filed (ECF No. 110) is GRANTED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 10, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE